METROPOLITAN TELEVISION COM-
PANY, Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents.

Station Representatives Association,
Intervenor.

NATIONAL BROADCASTING COM-
PANY, Inc., Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents.

Station Representatives Association,
Intervenor.

W.A.V.E., INC., Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents.

Station Representatives Association,
Intervenor.

PULITZER PUBLISHING COMPANY,
Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents.

Station Representatives Association,
Intervenor.

GENERAL ELECTRIC COMPANY,
Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents.

Station Representatives Association,
Intervenor.

Nos. 15810, 15811, 15815–15817.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 9, 1961.

Decided March 2, 1961.

Mr. Vernon L. Wilkinson, Washington, D. C., with whom Mr. James A. McKenna, Jr., Washington, D. C., was on the brief, for petitioners in Nos. 15810 and 15817.

Mr. Lawrence J. McKay, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Lawrence W. Keepnews, New York City, and Howard Monderer, Washington, D. C., were on the brief, for petitioner in No. 15811. Mr. Eugene F. Sikorovsky, New York City, also entered an appearance for petitioner in No. 15811.

Mr. Robert A. Marmet, Washington, D. C., with whom Mr. Paul M. Segal, Washington, D. C., was on the briefs, for petitioners in Nos. 15815 and 15816. Mr. Edwin R. Schneider, Washington, D. C., also entered an appearance for petitioners in Nos. 15815 and 15816.

Mr. Joel Rosenbloom, Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, Gen. Counsel, Federal Communications Commission, and Max D. Paglin, Asst. Gen. Counsel, Federal Communications Commission, and Richard A. Solomon, Atty., Dept. of Justice, were on the brief, for respondents.

Mr. Joel E. Hoffman, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, for respondent, United States of America.

Mr. Harry M. Plotkin, Washington, D. C., with whom Mr. Robert L. Bard, Washington, D. C., was on the brief for intervenor, Station Representatives Ass'n.

Before PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit,* BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

These petitions for review challenge a report and order, adopted by the Federal Communications Commission, amending § 3.658 of its rules by adding paragraph (i).[1] This new provision forbids any television network from representing individual stations, affiliated with the network organization, for the sale of *non*-network time. The sale of non-network time for national or regional advertising is known in the trade as "national spot sales," and the representatives who sell such time for individual stations as "national spot representatives." Such sales compete with those of network time offered by the networks.

The National Broadcasting Company (NBC) through its television network sells network time of its owned stations and of the stations which are not owned but are affiliated with the NBC network. NBC also acts as national spot representative in the sale of non-network time for its owned stations and for six of the independently owned stations affiliated with the NBC television network. In these petitions NBC and four of the independently owned affiliates for whom it acts as national spot representative assert the regulation is invalid.

In the main, petitioners urge that (1) the Commission has no statutory authority to promulgate the regulation; (2) the regulation is an unreasonable exercise of the Commission's rule-making authority; and (3) the Commission is not justified in compelling "divestment" of valuable existing contractual rights.

---

* Sitting by designation pursuant to Sec. 294(d), Title 28 U.S.C.

1. "(i) No license shall be granted to a television broadcast station which is represented for the sale of non-network time by a network organization or by an organization directly or indirectly controlled by or under common control with a network organization, if the station has any contract, arrangement or understanding, express or implied, which provides for the affiliation of the station with such network organization: *Provided, however,* That this rule shall not apply until December 31, 1961, to television broadcast stations so represented on October 30, 1959: *And provided further,* That this rule shall not be applicable to stations licensed to a network organization or to a subsidiary of a network organization." 47 C.F.R. § 3.658 (i) (1960 Cum.Supp.).

We shall deal with these contentions separately.

■ (1) We think it clear from National Broadcasting Co. v. United States, 1943, 319 U.S. 190, 63 S.Ct. 997, 87 L.Ed. 1344 that § 4(i) and subsections (f, g, i) of § 303 of the Communications Act[2] provide statutory authority for the instant regulation. In that case, these provisions were held to authorize the Commission's chain broadcasting regulations forbidding certain practices which the Commission determined to be inimical to the public interest. Here the Commission made a similar determination based upon conclusions that "a great many instances [exist] where the networks, because of their control over affiliation, can influence affiliates in their choice of spot representative and thus restrain competition and interfere with the independent responsibilities of the station licensees involved";[3] and that the networks' dual role in representing affiliates for sales of non-network national spot time as well as network time enables them "to restrain competition between network and national spot television in a manner which can restrict the licensee's freedom and independence of action."[4] We cannot say that these conclusions, based upon findings supported by substantial evidence, were erroneous.

■ (2) Nor can we agree that the regulation in dispute is unwarranted on the basis of petitioners' claim that its promulgation is rested merely on a po-

tential evil of restraint upon the independent responsibilities of licensees affiliated with the network and not upon a violation of the antitrust laws. We need not decide whether the evil may fairly be characterized as "potential." For it is settled that practices which present realistic dangers of competitive restraint are a proper consideration for the Commission in determining the "public interest, convenience, and necessity."[5] National Broadcasting Co. v. United States, supra; Mansfield Journal Co. v. Federal Communications Comm., 1950, 86 U.S.App.D.C. 102, 180 F.2d 28. And the elimination of this danger is consistent with the Commission's duty under the Act to "encourage the larger and more effective use of radio in the public interest."[6]

■ (3) We must also reject petitioners' further contention that the regulation's requirement of "divestment" of the existing national spot representation contracts with NBC is, in any event, unduly harsh since less drastic means are available to effectuate the Commission's policy determination. Alternatives proposed by the petitioners were considered and rejected by the Commission on the ground that they would require an excessive and impractical degree of day-to-day supervision. It also concluded that the alleged hardships of divestiture are far outweighed by the public interest in the remedy effected by the regulation. Since the Commission considered the alternatives presented and since we

2. These sections read in pertinent part: "The Commission may * * * make such rules and regulations * * * not inconsistent with this chapter, as may be necessary in the execution of its functions." 48 Stat. 1066 (1934), as amended, 47 U.S.C.A. § 154(i) (1960 Cum.Supp.).

"* * * the Commission * * * shall * * * (f) Make such regulations not inconsistent with law as it may deem necessary * * * to carry out the provisions of this chapter * * *; (g) * * * generally encourage the larger and more effective use of radio in the public interest; * * * (i) Have authority to make special regula-

tions applicable to radio stations engaged in chain broadcasting * * *." 48 Stat. 1082 (1934), as amended, 47 U.S. C.A. § 303(f, g, i) (1960 Cum.Supp.).

3. Commission Report and Order Amending § 3.658 of the Commission's Rules and Regulations, 19 Pike & Fischer Radio Reg. 1501, 1517 (1959).

4. Id. at 1519.

5. Communications Act of 1934, § 309(a), 48 Stat. 1085, as amended, 47 U.S.C.A. § 309(a) (1960 Cum.Supp.).

6. Communications Act of 1934, § 303(g), 48 Stat. 1082, as amended, 47 U.S.C.A. § 303(g) (1960 Cum.Supp.).

cannot say that the basis for their rejection is unreasonable, its action must stand. See Jacob Siegel Co. v. Federal Trade Comm., 1946, 327 U.S. 608, 66 S. Ct. 758, 90 L.Ed. 888. Cf. Churchill Tabernacle v. Federal Communications Comm., 1947, 81 U.S.App.D.C. 411, 160 F.2d 244.

Petitioners' other contentions also provide no basis for disturbing the Commission's action.

Affirmed.